## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL BOULMETIS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILADELPHIA PARK CASINO | : | |
| AND RACETRACK, et al., | : | No. 08-4227 |
| Defendants. | : | |

### MEMORANDUM & ORDER

**Schiller, J.**                                                          **October 10, 2008**

On September 2, 2008, Defendant, Philadelphia Park Casino and Racetrack ("Philadelphia Park"), removed this action pursuant to 28 U.S.C. § 1441 from the Philadelphia County Court of Common Pleas.  Now before the Court is Plaintiff's motion to remand.  For the reasons below, the Court grants this motion.[1]

## I.      BACKGROUND

On August 13, 2008, Boulmetis filed a complaint against Philadelphia Park and Golden Glo Carpet Cleaners ("Golden Glo") in the Philadelphia County Court of Common Pleas alleging that Defendants' negligence caused Plaintiff to slip and fall and injure himself.  Plaintiff is a citizen of New Jersey.  (Compl. ¶ 1.)  The Complaint does not specifically identify the citizenship of Philadelphia Park or Golden Glo but states that both companies "regularly conduct[] business [in Pennsylvania]."  (*Id*. ¶¶ 2-3.)  Documents submitted to the Court show

---

[1]Defendant failed to respond to the motion to remand.  Under Local Rule 7.1(c), the Court may therefore grant the motion as uncontested.  Hence, while the Court addresses the merits of the motion, Defendant's failure to file a response provides an independent basis for granting the motion.

that Philadelphia Park is incorporated in Delaware, with its principal place of business in Pennsylvania, and that Golden Glo's principal place of business is also in Pennsylvania.[2]  (Pl.'s Mot. to Remand [Aff. of Veronica Golden].)

According to the notice of removal, Philadelphia Park was served with a copy of the Complaint.  (Removal Notice ¶ 6.)  Golden Glo has not joined in the notice of removal.[3]

## II.     STANDARD OF REVIEW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) (2008).  Federal courts have original jurisdiction over cases between citizens of different states, provided the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

Because federal courts possess limited jurisdiction, the removal statutes must be strictly construed against removal.  *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts

---

[2]It is not clear from the record where Golden Glo is incorporated but that fact would not alter the disposition of this motion.

[3]Normally, the rule of unanimity requires that all defendants join the removal petition or consent to removal.  *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).  The consent of an unserved defendant is not required.  *Id.*; *see also Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995).  Plaintiff's proof of service indicates that Golden Glo was served one day after Philadelphia Park filed its removal notice and therefore Golden Glo's consent was not required.  (*See* Pl.'s Mot. to Remand Ex. 3.)

should be resolved in favor of remand.").

III.     DISCUSSION

Plaintiff is a citizen of New Jersey, Philadelphia Park is a citizen of Delaware and

Pennsylvania, and Golden Glo is a citizen of Pennsylvania.  *See* 28 U.S.C. § 1332(c)(1) (for

removal purposes, corporation is citizen of State of incorporation and location of principal place

of business).  A fair reading of the Complaint shows that more than $75,000 is at stake.

Accordingly, diversity jurisdiction exists and Plaintiff could have brought this case in federal

court.

That does not end the matter however.  The forum defendant rule requires remand here.

This rule provides that cases not involving federal question jurisdiction "shall be removable only

if none of the parties in interest properly joined and served as defendants is a citizen of the State

in which such action is brought."  28 U.S.C. § 1441(b).

The forum defendant rule reflects the purpose of diversity jurisdiction: to provide a

federal forum and thus avoid prejudice against out-of-state defendants.  *See McSparren v. Weist*,

402 F.2d 867, 876 (3d Cir. 1968).  The dangers local bias might pose are removed if a defendant

is a citizen of the state where the case was brought.  *See Allen v. GlaxoSmithKline PLC*, Civ. A.

No. 07-5045, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) (*citing Dresser Indus., Inc. v.

Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997)).

Philadelphia Park is a citizen of Pennsylvania and Plaintiff originally filed this action in

Pennsylvania state court.  This case is therefore not removable.  *See Korea Exch. Bank, N.Y.

Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 48 (3d Cir. 1995).  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMUEL BOULMETIS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **PHILADELPHIA PARK CASINO** | : | |
| **AND RACETRACK, et al.,** | : | **No. 08-4227** |
| **Defendants.** | : | |

**<u>ORDER</u>**

  **AND NOW**, this **10<u>th</u>** day of **October**, **2008**, upon consideration of Plaintiff's Motion to

Remand, and for the foregoing reasons, it is hereby **ORDERED** that:

  1.  The motion (Document No. 7) is **GRANTED**.

  2.  This case is **REMANDED** to the Philadelphia Court of Common Pleas.

  3.  The Clerk of Court is directed to close this matter.

         **BY THE COURT:**

         _____

         **Berle M. Schiller, J.**